Howard Kollitz [State Bar No. 059611],
Walter K. Oetzell [State Bar No. 109769] and
Steven J. Schwartz [State Bar No. 200586] of
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735
Email: hkollitz@dgdk.com
Email: woetzell@dgdk.com
Email: sschwartz@dgdk.com

Attorneys for Defendant/Appellant, David R. Chase,
as Receiver

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE BILLING RESOURCE, dba Integretal, a California corporation,<br><br>Debtor.<br>_____<br>THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>Plaintiff,<br>vs.<br><br>FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., et. al,<br><br>Defendants. | USDC Case No. 5:08-cv-00341-JW<br><br>Bankruptcy Case No. 07-52890-ASW<br><br>[Chapter 11]<br><br>Adv. Proc. No. 07-05156 ASW<br><br>**JOINDER OF DEFENDANT, DAVID R. CHASE, FEDERAL RECEIVER, IN MOTION FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d)**<br><br>Date: April 21, 2008<br>Time: 9:00 a.m.<br>Place: 280 S. First Street<br>       San Jose, CA<br>Judge: Hon. James Ware<br>Ctrm: 8 – 4th Floor |

David R. Chase, not individually, but solely in his capacity as Receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services and other related entities ("the Federal Receiver") defendant and appellant in the related appeal pending in the United States District Court for the Northern District of California, No. 5:07-cv-6210-JW (the

-1-

"Federal Receiver's Appeal") hereby joins in the Motion for Withdrawal of the Reference under 28 U.S.C. § 157(d) (the "Motion") filed by the Federal Trade Commission (the "FTC").

The Federal Receiver is an interested party to this matter, since the Motion relates to the subject Amended Complaint (the "Complaint") in which both the FTC and the Federal Receiver are defendants in Bankruptcy Court Adversary Proceeding No. 07-05156 in the United States Bankruptcy Court for the Northern District of California, San Jose Division ( the "Bankruptcy Court"). Count IV of the Complaint asks the trier of fact to interpret the meaning and effect of the September 14, 2007 Omnibus Order of the United States District Court for the Southern District of Florida (the "District Court in Florida") holding that $1,762,762.56 of funds (the "Subject Funds") held by The Billing Resource, dba Integretal, as Chapter 11 debtor (the "Debtor") are property of the receivership estate and ordering the Debtor to turn over those funds or to show cause why it should not be held in contempt (the "Contempt Order").

## I.

## INTRODUCTION[1]

The Federal Receiver joins in the FTC's Motion to withdraw the reference, and suggests that the District Court withdraw reference and transfer venue of the entire Adversary Proceeding, rather than limiting the relief to Count IV. Continued prosecution of the Adversary Proceeding in the Bankruptcy Court is a waste of judicial resources and poses the real danger of inconsistent rulings from four different courts, rather than simply proceeding in one court: the District Court in Florida where this matter originated and the 11th Circuit already sitting in review of the Contempt Order of the District Court. The litigation in the Adversary Proceeding in the Bankruptcy Court has resulted in confusion, extremely high expenses to all parties, and an intolerable situation where an Article I Court is effectively sitting in review of Orders entered by an Article III Court. The Bankruptcy Court Orders purport to negate the clear orders and directives of the Article III Court

---

[1] The Federal Receiver adopts the facts as stated by the FTC in its Motion and the Declaration of Michael Mora and incorporates them herein by this reference. References to "FTCX" are to the exhibits filed by the FTC in support of the Motion.

-2-

and allowed the Debtor and its principals to flaunt those orders and directives, where it has enjoined an agent of that Article III Court (the Federal Receiver) from exercising the duties imposed upon him by that Court. The Bankruptcy Court has enjoined the FTC from exercising its police and regulatory duties which should not be affected by the Bankruptcy Case. The Bankruptcy Court's orders have already yielded inconsistent directives. The danger of more inconsistent orders continues. Indeed, the only result of keeping the Adversary Proceeding in the Bankruptcy Court is to allow the Debtor a "second bite at the apple" to minimize or eliminate the effect of the Contempt Order should it be upheld on appeal. The Debtor is improperly manipulating two Federal courts. Only by referring the Adversary Proceeding to the District Court in Florida will the existing problems of inconsistent orders and waste of judicial time be eliminated.

## II.

## DISCRETIONARY WITHDRAWAL AND CHANGE OF VENUE TO THE DISTRICT COURT IN FLORIDA ARE WARRANTED

### A.   Legal Standards

Original jurisdiction is granted to the district courts by 28 U.S.C. § 1334(b) over civil proceedings arising under title 11 of the United States Code, or arising in or related to cases under title 11. Under 28 U.S.C. § 157(d) a District Court can withdraw the reference of adversary proceedings "for cause shown." Pursuant to 28 U.S.C. § 1412, a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.[2]

The considerations for withdrawal of reference and for change of venue are similar. As the FTC points out in its Motion, typical considerations for withdrawal of the reference are 1) the efficient use of judicial resources; 2) delay and costs to the parties; 3) uniformity of bankruptcy

---

[2] Although the present Motion does not expressly seek a change of venue, the FTC has expressed its intention to seek a change of venue to the District Court in Florida should the Motion be granted. In addition, the FTC has sought a change of venue with respect to the appeal of the preliminary injunctions which is pending before this District Court.

-3-

administration; 4) the prevention of forum shopping; and 5) other related factors. Security Farms v. Int'l B'hd of Teamsters, 124 F. 3d 999, 1008 (9th Cir. 1997). Factors to be considered for a change of venue are: 1) plaintiff's choice of a forum; 2) defendants' forum preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses; 6) the location of books and records; 7) the enforceability of the judgment; 8) practical considerations that make the trial easy, expeditious, or inexpensive; 9) the relative administrative difficulty in the two for a resulting from court congestion; 10) the local interest in deciding local controversies at home; 11) the public policies of the fora; and 12) the familiarity of the trial judge with the applicable law. Larami Ltd. v. Yes! Entertainment Corp., 244 B.R. 56, 61 (D. N.J. 2000).

**B.  The Same Issues are Pending in Multiple Courts Warranting Withdrawal and Venue Change.**

The basic issue in Count IV of the Complaint is the same issue already decided by the District Court in Florida, and the issue which is now pending in the 11th Circuit on appeal of the Content Order: *who owns the $1,762,762.56?* The District Court in Florida's Contempt Order, *entered prior to Integretel's bankruptcy petition being filed,* expressly determined that the $1,762,762 is property of the Federal Receivership Estate and *not* the property of Integretel.[3] Another Order of the District Court in Florida, entered on September 21, 2007 in response to the Bankruptcy Case (the "Clarification Order"), iterated the holdings of the Contempt Order and, since it was entered post-bankruptcy, also made the express determination that the $1,762,762 was not part of Integretel's Bankruptcy Estate since it was not Integretel's property prior to the

---

[3] FTCX 7 at p. 2

-4-

bankruptcy petition being filed.[4] Both the Contempt Order and the Clarification Order are on appeals pending before the 11th Circuit.[5]

Integretel now seeks to litigate this exact same issue of ownership of the $1,762,762 (the "Subject Funds") in the Bankruptcy Court by the Complaint and, at the same time, before the 11th Circuit on its appeal. Specifically, in the Fourth Claim for Relief, the Debtor seeks a determination "that the Debtor's funds and other property are free of any property interest therein claimed by the Receiver or the FTC."[6] Of course, the Complaint before the Bankruptcy Court ignores the collateral estoppel effect of the Contempt Order, and in so doing, seeks to reverse the Contempt Order and the Clarification Order of the District Court. Integretel is also seeking to contest the validity and/or effectiveness of the Contempt Order in its appeal before the 11th Circuit. Integretel admits this, admits the danger that this may result in inconsistent rulings, and illustrated the unnecessary complexity that Integretel's course of action has caused in its 11th Circuit Opening Brief, in which it states, in relevant part, as follows:

> Third, because the appellant is in bankruptcy (in the Northern District of California), issues relevant to some of the orders on appeal from **are also being litigated in the bankruptcy court**. That litigation raises unusual complexities, particularly given that the bankruptcy court has exclusive jurisdiction over property of the bankruptcy estate. In addition, it is quite possible that relevant decisions will be handed down by the bankruptcy court (or by the district court on appeal from a bankruptcy-court order) after briefing in this case has been completed. Oral argument will provide the [11th Circuit] an opportunity to explore with counsel the relevance and effect of the bankruptcy litigation.[7] [emphasis added]

Further comparison of Integretel's Complaint in the Bankruptcy Court to Integretel's 11th Circuit Brief further demonstrates that Integretel is attempting to litigate the exact same issues as those determined by the Florida District Court prior to the Bankruptcy Case. Paragraph 61 of Integretel's Amended Complaint states as follows:

---

[4] FTCX 11

[5] See, FTCX 25.

[6] FTCX 23 at ¶ 62.

[7] FTCX 25 at i-ii

-5-

    The Receiver and the FTC claim that the Receiver has a property or other interest in funds held by the Debtor based on the Florida Preliminary Injunction and/or the Payment Orders that is enforceable in this bankruptcy case. In fact and in law, the Florida Preliminary Injunction and the Payment Orders do not give the Receiver any interest in property that is in the possession of the Debtor. Instead, the Debtor is the owner of the funds in its bank accounts and all of its other property from and after the Petition Date.

In the 11th Circuit Brief, the Debtor identifies the issues on appeal as among the following:

    Should the district court have held that the sums at issue were not due and owing under the contract, that the contracts did not grant the former clients a property interest, and that there was no res to which the asserted property interest could attach?
...
    Did the district court err in deciding that . . . the reserve "funds" are not property of Integretel's bankruptcy estate?[8]

    The Debtor has argued that the issues resolved by the Contempt Order that are on appeal before the Eleventh Circuit and those in Count IV of the Complaint are different. In particular, the Debtor argues that the issue sought to be litigated by the Complaint in the Bankruptcy Court is whether the Federal Receiver was required to trace its funds in order to have a property interest in funds held by the bankruptcy estate. The Federal Receiver has consistently argued that tracing is irrelevant, as the District Court in Florida addressed Integretel's arguments in that regard before entering the Contempt Order and was applying Federal equity receivership law in determining that the Federal Receiver owns the Subject Funds.

    The interpretation of the meaning and effect of the Contempt Order is a matter that is best left to the District Court in Florida and to the 11th Circuit to decide. The District Court in Florida has original jurisdiction, the applicable laws (Federal Receivership law; state law tracing) are the same in both the Bankruptcy Court and the District Court in Florida, the District Court has already entered its Order on the issue (the Contempt Order) prior to the Bankruptcy Case while the 11th Circuit is the only court that may sit in review of the District Court in Florida's orders.

    Yet what is happening now with the prosecution of the Adversary Proceeding in the Bankruptcy Court is that the Bankruptcy Court is sitting is review of the District Court in Florida's

---

[8] FTCX 25 at p. 3

321456.01 [XP]  24774

Orders. This is illustrated by the Bankruptcy Court's refusal to apply the century old <u>Barton</u> Doctrine and the Bankruptcy Court's attendant injunction against the Federal Receiver, an agent of the District Court in Florida. Succinctly put, the Bankruptcy Court refused to apply that doctrine because it ruled that 28 U.S.C. § 1334(e) gave the bankruptcy court exclusive jurisdiction over "property of the estate."[9] To make this determination, the Bankruptcy Court had to either ignore the clear unambiguous terms of the Contempt Order (that the Subject Funds are property of the Receivership), as iterated in the post-bankruptcy Clarification Order or to interpret the propriety of that Contempt Order or the procedure by which it was entered. The Bankruptcy Court did this by holding that the District Court in Florida did not find that a "res" existed, and that the Contempt Order does not require Integretel to pay any specific amount of funds to the Receiver.[10] In addition to the Bankruptcy Court simply being wrong concerning the express language of the Contempt Order, the Bankruptcy Court purports to sit in review of the District Court in Florida, a role reserved for superior courts (the 11th Circuit) not adjuncts of an Article III Court.

Finally, as demonstrated above, the Debtor has made it clear that it intends to argue to the 11th Circuit the "relevance and effect of the bankruptcy litigation." It is, therefore, possible that the 11th Circuit could make findings on these issues relevant to the Adversary Proceeding, or even more perplexing, it could remand matters to the District Court in Florida for further findings on those issues. This potential result would create a legal conundrum that can only be solved by withdrawal of reference of the Adversary Proceeding from the Bankruptcy Court, and change of venue of the Adversary Proceeding to the District Court in Florida.

C.     **The Probability of Conflicting Rulings is Exacerbated by the Preliminary Injunctions**

The Bankruptcy Court has already issued two preliminary injunctions in the context of this Adversary Proceeding, both of which are on appeal before this Court, and both of which are directed at the FTC and Federal Receiver's activities in the District Court in Florida. The first

---

[9] FTCX 13 at p. 43.

[10] FTCX 13 at pp. 43-44.

-7-

321456.01 [XP]     24774

injunction, issued on November 2, 2007, enjoins the FTC from prosecuting its Enforcement Action pending against the Debtor in the District Court in Florida.[11] That injunction was issued after the District Court in Florida entered post-bankruptcy the Clarification Order, confirming that the automatic stay does not apply to either the FTC's Enforcement Action or to the Contempt Order. The Bankruptcy Court did not issue an injunction against the Federal Receiver at that time, since it acknowledged that a temporary stay had then been entered by the 11th Circuit which would render a Bankruptcy Court stay be "duplicative" of the 11th Circuit Order.[12]

Within hours of the 11th Circuit vacating its stay, the Debtor was back in the Bankruptcy Court requesting, *ex parte*, that the injunction be extended to the Federal Receiver. The Bankruptcy Court obliged, issuing a Temporary Restraining Order ("TRO") and an Order to Show Cause why a preliminary injunction should not be issued against the Federal Receiver.[13] On November 30, 2007, the Bankruptcy Court entered an Order providing a preliminary injunction against the FTC and the Federal Receiver barring either of them from seeking to enforce the Contempt Order, pending further order of the Bankruptcy Court.[14] The Bankruptcy Court further purported to tie the Federal Receiver's hands by ordering that he is was prohibited from filing status reports in the District Court in Florida unless they were filed as joint status reports with the Debtor.[15]

---

[11] FTCX 13. The FTC Injunction is set to expire on March 14, 2008. On March 7, 2008, a hearing will be held on the Debtor's Motion to extend the injunction for 90 days. Both the FTC and the Federal Receiver have filed oppositions to that motion.

[12] FTCX 14 at p. 58. Prior thereto, the District Court in Florida had also issued a stay, conditioned upon the Debtor's turnover of the Subject Funds to the Federal Receiver to be held in a segregated account pending resolution of the Eleventh Circuit appeal. The Debtor declined to turn over the Subject Funds, and instead opted to seek a stay from the Eleventh Circuit.

[13] FTCX 15.

[14] FTCX 20.

[15] Id. at p. 1 lines 27-28.

The Receiver is not a typical litigant. The Receiver is a creature of Court Order, who operates as <u>an agent of the District Court in Florida and on behalf of the District Court</u>. As such, the Receiver is obligated both by the Orders appointing him and by case judicial authority to marshal and preserve the assets of the entities subject to the receivership. Not only does the Bankruptcy Court's injunction purport to bar the Federal Receiver from performing his court-ordered functions, but it also purports to expressly limit the communications that the Federal Receiver can have with the District Court in Florida which appointed him. With regard to the FTC, the injunctions bar it from enforcing its police and regulatory powers which are specifically excluded from the automatic stay. See, 11 U.S.C. § 362(b)(4).

The Debtor sought and obtained injunctions against the FTC and the Federal Receiver under the guise of saving litigation fees and minimizing personnel diversions while it attempts to reorganize. In the process, the Debtor has already spent far more time, money and energy than had the Debtor simply appeared in the District Court in Florida and complied with the Contempt Order. The only thing that the Debtor has to show for all of this effort is that the Subject Funds sit in its segregated bank account instead of the Federal Receiver's segregated account.

Withdrawing the reference of the entire Adversary Proceeding and changing venue to the District Court in Florida would obviate the need for these Bankruptcy Court injunctions, as it would give the Debtor a full and fair opportunity to explain to the District Court in Florida why the Debtor should not be required to comply with the Contempt Order. In essence, Count IV of the Complaint would serve as the Debtor's opportunity to "show cause" to the District Court in Florida, which will then have the appropriate opportunity to determine whether these purported "new" issues should be considered, or if (as the Federal Receiver believes) the same issues are present in the 11th Circuit appeal and the matter should be stayed pending a determination by the 11th Circuit. In any event, all issues pertaining to the Subject Funds will properly be before one single trial court and the appropriate appellate court, which is far better than the entangled situation which parties are currently faced with.

321456.01 [XP]     24774

1    If anything, the Adversary Proceeding should be referred to the District Court in Florida so
2 as to provide closure on the issues pending in the District Court in Florida prior to the Debtor's
3 proposing a Chapter 11 Plan that will sell the Debtor's business. Any potential buyer is purchasing
4 an unsettled situation, given the Contempt Order and a duty to appear in the District Court in
5 Florida to "show cause." Such situation must, by definition, depress the price willing to be paid for
6 the Debtor. Neither the Chapter 11 Plan nor any motion before this Court can remove the
7 Contempt Order. All of the Debtor's positions and misdirection aside, at some point, the Debtor
8 will need to appear before the District Court in Florida to "show cause" why it should not be held
9 in contempt irrespective of any determinations made in the Bankruptcy Court in the Adversary
10 Proceeding. The Debtor should appear and show cause now, rather than saddle the bankruptcy
11 estate with this continuing obligation.

13 **D.    Conclusion.**
14    The Contempt Order of the District Court in Florida and the Debtor's admitted reaction to
15 it, by the commencement of the Bankruptcy Case, undermine the integrity of the District Court in
16 Florida, an Article III Court. The Adversary Proceeding in the Bankruptcy Court involves the
17 same issues as are before the District Court in Florida and the 11th Circuit. All of the parties to the
18 Adversary Proceeding are already litigating in the District Court in Florida in the 11th Circuit.
19 Leaving the Adversary Proceeding to be determined in Bankruptcy Court in California makes a
20 mockery of the judicial system by allowing an Article I bankruptcy judge act as an appellate court
21 sitting in review of an Article III trial court as to matters already determined by the Article III
22 Court.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-10-

321456.01 [XP]    24774

1    For these reasons, the FTC's Motion should be granted, reference the entire Adversary
2    Proceeding should be withdrawn from the Bankruptcy Court and venue should be transferred to the
3    District Court in Florida.

4    Dated, on this 7th day of March, 2008, at Los Angeles, California.

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By _____
Steven J. Schwartz
Attorneys for Defendant/Appellant,
David R. Chase, as Federal Receiver

-11-

321456.01 [XP]    24774

1  Howard Kollitz [State Bar No. 059611],
   Walter K. Oetzell [State Bar No. 109769] and
2  Steven J. Schwartz [State Bar No. 200586] of
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email:  hkollitz@dgdk.com
   Email:  woetzell@dgdk.com
6  Email:  sschwartz@dgdk.com

7
   Attorneys for Defendant/Appellant, David R. Chase, as
8  Receiver

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12 In re                              ) USDC Case No. 5:08-cv-00341-JW
                                      )
13 THE BILLING RESOURCE, dba          )
   INTEGRETEL, a California corporation, ) Bankruptcy Case No. 07-52890-ASW
14                                    )
   [                                  )         [Chapter 11]
15                         Debtor.    )
                                      ) Adversary Proceeding No. 07-05156 ASW
16 _____)
                                      )
   THE BILLING RESOURCE, dba          ) **CERTIFICATE OF SERVICE RE**
17 INTEGRETAL, a California corporation, )
                                      ) JOINDER OF DEFENDANT, DAVID R.
18           Plaintiff/Appellee,      ) CHASE, FEDERAL RECEIVER, IN
                                      ) MOTION FOR WITHDRAWAL OF THE
19           vs.                      ) REFERENCE UNDER 28 U.S.C. § 157(d)
                                      )
20 FEDERAL TRADE COMMISSION, and      ) Date: April 21, 2008
   DAVID R. CHASE, not individually, but solely ) Time: 9:00 a.m.
21 in his capacity as receiver for Nationwide   ) Place: 280 S. First Street
   Connections, Inc., Access One Communications, )        San Jose, CA
22 Inc., Network One Services, et al;           ) Judge: Hon. James Ware
                                      ) Ctrm: 8 – 4th Floor
23                                    )
                                      )
24           Defendants/Appellant.    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27 _____)

28

-1-

319717.03 [XP]    24774

**CERTIFICATE OF SERVICE**

I, Cheryl Caldwell, declare:

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On March 7, 2008, I served the following document(s):

**JOINDER OF DEFENDANT, DAVID R. CHASE, FEDERAL RECEIVER, IN MOTION FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d)**

on the interested parties addressed as follows:

[SEE ATTACHED SERVICE LIST.]

Electronic Transmission (E-Mail)

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on March 7, 2008, at Los Angeles, California.

| Cheryl Caldwell | _(signature)_ |
|---|---|
| (Type or print name) | (Signature) |

319717.02 [XP]    24774

| | |
|---|---|
| 1 | **SERVICE LIST** |

| | | |
|---|---|---|
| 2 | | |
| 3 | Office of the United States Trustee<br>John Wesolowski, Esq.<br>United States Department of Justice | Steven B. Sacks<br>Sheppard Mullin Richter and Hampton<br>ssacks@sheppardmullin.com |
| 4 | 280 S. First Street, Suite 268<br>San Jose, CA 95113-0002 | ewalters@smrh.com |
| 5 | **Via Regular Mail** | Counsel for David R. Chase,<br>Federal Receiver |
| 6 | Debtor<br>The Billing Resource | Jeffrey Schneider, Esq.<br>Tew Cardenas LLP |
| 7 | 5883 Rue Farrari<br>San Jose, CA 95138 | jcs@tewlaw.com |
| 8 | **Via Regular Mail** | Counsel for the Federal Trade Commission<br>John Andrew Singer |
| 9 | Counsel for Plaintiff Federal Trade<br>Commission | jsinger@ftc.gov<br>Michael Morra |
| 10 | c/o Laura Kim<br>Federal Trade Commission | mmora@ftc.gov<br>Julie Mack |
| 11 | 600 Pennsylvania Avenue, NW<br>Washington, DC 20580 | jmack@ftc.gov |
| 12 | **Via Regular Mail** | Counsel to the Unsecured Creditors'<br>Committee |
| 13 | POL, Inc.<br>Law Offices of Joel Dichter, Esq. | John D. Fierro<br>Pachulski, Stang, Ziehl, Young and Jones |
| 14 | 10 Rockefeller Palce, Suite 816<br>New York, NY 10020 | jfiero@pszjlaw.com |
| 15 | **Via Regular Mail** | |
| 16 | Counsel for POL, Inc.<br>Kathryn S. Diemer | |
| 17 | Diemer, Whitman and Cardosi<br>75 E. Santa Clara Street | |
| 18 | San Jose, CA 95113<br>**Via Regular Mail** | |
| 19 | | |
| 20 | Counsel for Debtor The Billing Resource<br>Michael H. Ahrens | |
| 21 | Sheppard Mullin Richter and Hampton<br>mahrens@sheppardmullin.com | |
| 22 | Ori Katz | |
| 23 | Sheppard Mullin Richter and Hampton<br>okatz@sheppardmullin.com,<br>dwhitehead@sheppardmullin.com | |
| 24 | | |
| 25 | Jeffery K. Rehfeld<br>Sheppard Mullin Richter and Hampton | |
| 26 | jrehfeld@sheppardmullin.com,<br>ewalters@sheppardmullin.com | |
| 27 | | |
| 28 | | |

319717.02 [XP]     24774