SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
TIMOTHY C. PERRY, Cal. Bar No. 248543
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:          mahrens@sheppardmullin.com
                    ssacks@sheppardmullin.com
                    tperry@sheppardmullin.com

Attorneys for The Billing Resource, dba Integretel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Civ. Case No.  C-08-00341-JW |
| THE BILLING RESOURCE, dba Integretel, a California Corporation, | Bk Case No. 07-52890 |
| Debtor. | |
| FEDERAL TRADE COMMISSION, | Adv. Pro. No. 07-05156 |
| Movant, | |
| v. | Date:     April 7, 2008<br>Time:    9:00 a.m.<br>Place:   280 S. First Street<br>             San Jose, CA<br>             Courtroom 8 (4th Floor)<br>Judge:  Hon. James Ware |
| THE BILLING RESOURCE, dba Integretel, a California corporation, | |
| Respondent. | |

**THE BILLING RESOURCE, dba INTEGRETEL's
MEMORANDUM IN OPPOSITION TO JOINDER OF FEDERAL RECEIVER IN
MOTION FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d)**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1

II.  FACTUAL STATEMENT .......................................................................................... 2

III. ARGUMENT ............................................................................................................... 2

    A.   The Decision Of What Constitutes Property Of The Bankruptcy Estate Is A Matter Within The Bankruptcy Court's Exclusive Jurisdiction ............... 2

    B.   Withdrawal Of The Adversary Proceeding Is Unwarranted ........................... 2

        1.   The Receiver's Joinder is Untimely ....................................................... 2

        2.   Like The Motion, The Receiver's Joinder Is An Attempt At Forum Shopping ................................................................................... 3

IV.  CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

Federal Cases

Betta Products, Inc. v. Distribution Syts. & Serv., Inc.,
  2007 WL 1750211 (N.D. Cal. June 15, 2007) ......................................................... 3-4

Daewoo Motor Am., Inc. v. Gulf Ins. Co.,
  302 B.R. 308 (C.D. Cal. 2003) ................................................................................... 5

Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.,
  355 B.R. 214 (D. Hawaii 2006) ........................................................................ 4, 4-5,5

Hupp v. Educ. Credit Mgmt. Corp.,
  2007 WL 2703151 (S.D. Cal. Sept. 13, 2007) ......................................................... 2,3

Federal Statutes

28 U.S.C. § 157(d) .................................................................................................... 1,2

# I.

# INTRODUCTION

The Billing Resource, dba Integretel ("Integretel" or "Debtor"), opposes the joinder (the "Joinder") of defendant David R. Chase, Federal Receiver (the "Receiver"), in the motion for withdrawal of the reference under 28 U.S.C. § 157(d) (the "Motion").

Although the Receiver purports to "join" in the motion to withdraw reference brought by the Federal Trade Commission ("FTC"), the Receiver requests much broader relief than the FTC. The Receiver seeks to withdraw the entire Adversary Proceeding, No. 07-05156 (the "Adversary Proceeding"), pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court"). Moreover, the Receiver "suggests" that this Court transfer the Adversary Proceeding to the United States District Court for the Southern District of Florida (the "Florida Court") even though this Court has not ruled on the Motion and no motion to transfer the venue of the Adversary Proceeding has been submitted to this Court.

None of the relief sought by the Receiver is warranted. In fact, in support its request to withdraw the Adversary Proceeding and transfer it to the Florida Court, the Receiver fails to make a single legal argument. Instead, the Receiver accuses the Debtor of numerous improper activities and impure motives – all without factual support. None of the Receiver's allegations alter the fact that the decision of whether the contested funds are part of the Debtor's bankruptcy estate is in the exclusive authority of the Bankruptcy Court.

This Court should deny the Receiver's Joinder for several reasons. As set forth in the Memorandum in Opposition to FTC's Motion for Withdrawal of the Reference Under 28 U.S.C. § 157(d), filed March 7, 2008 ("FTC Opposition"), it is within the exclusive jurisdiction of the bankruptcy court to determine whether the contested funds constitute property of the bankruptcy estate because these are core bankruptcy issues cannot be decided by any other court. Additionally, the request for withdrawal is untimely and, as also set forth in the FTC Opposition, there is no cause to withdraw the Adversary Proceeding.

-1-

For the past six months, the Bankruptcy Court has considered the issues involved in the dispute between these parties. To withdraw the reference would result in impermissible forum shopping, enormous duplication of judicial effort and an unnecessary expenditure of time, effort and money. For these reasons, this Court should deny the Joinder.

## II.
## FACTUAL STATEMENT

The Debtor reasserts the Factual Statement set forth in the FTC Opposition as though fully set forth in this opposition.

## III.
## ARGUMENT

### A. The Decision Of What Constitutes Property Of The Bankruptcy Estate Is A Matter Within The Bankruptcy Court's Exclusive Jurisdiction

The Debtor asserts the arguments set forth in its FTC Opposition as though set forth fully in this opposition.

### B. Withdrawal Of The Adversary Proceeding Is Unwarranted

The Debtor reasserts the arguments set forth in its FTC Opposition as though set forth fully in this opposition.

#### 1. The Receiver's Joinder is Untimely

The Receiver attempts to withdraw the reference of the Adversary Proceeding six months after it began. It is simply too late for such a request to be made. By statute, a motion to withdraw the reference must be "timely." 28 U.S.C. § 157(d). Timeliness is determined "if [the motion] was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Hupp v. Educ. Credit Mgmt. Corp.*, 2007 WL 2703151 at * 3 (S.D. Cal. Sept. 13, 2007) (*quoting Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997)). "Courts have found a motion to withdraw the reference untimely when a significant amount of time has passed since the moving party had notice

1  of the grounds for withdrawing the reference or where withdrawal would have an adverse
2  effect on judicial economy." *Id.* By these standards, the Receiver's motion to withdraw is
3  untimely.

4  As set forth in the FTC Opposition, the FTC and the Receiver consented to
5  litigation in the Bankruptcy Court more than six months ago. Since that time, the FTC and
6  the Receiver have filed numerous substantive motions in the Bankruptcy Court – even
7  bringing the case to the brink of discovery after filing two unsuccessful motions to dismiss.
8  The Bankruptcy Court has spent more than six months adjudicating the dispute between
9  these parties. It has entertained the FTC's arguments at several hearings, issued a
10 comprehensive 62-page Memorandum Decision, decided the Receiver's motion to dismiss,
11 and issued injunctions against both the FTC and the Receiver.

12 If the Receiver believed this case merited withdrawal of the reference, it should
13 have requested such relief at the outset of the Adversary Proceeding. It was at that point
14 that the alleged basis for withdrawal became evident. *See Hupp*, 2007 WL 2703151 at * 3
15 (finding seven-month delay after potential basis for withdrawal was raised, and
16 fifteen-month overall delay, untimely). At this point in the Adversary Proceeding, after all
17 the judicial effort expended by the Bankruptcy Court, the motion to withdraw and the
18 Receiver's Joinder are untimely.

**2.    Like The Motion, The Receiver's Joinder Is An Attempt At Forum Shopping**

21 The burden of demonstrating that discretionary withdrawal is warranted falls on the
22 party moving for withdrawal. *See Hupp*, 2007 WL 2703151 at * 2. Neither the Receiver
23 nor the FTC have met that burden.

24 The Receiver's six-month delay in moving to withdraw the reference creates a
25 strong inference of forum shopping. The only logical explanation for the Receiver to seek
26 this relief at this time is that it is on a losing streak in the Bankruptcy Court and it hopes
27 the District Court will provide a more favorable forum. *See Betta Products, Inc. v.*
28 *Distribution Systs. & Serv., Inc.*, 2007 WL 1750211 at *2 (N.D. Cal. June 15, 2007)

1  (denying discretionary withdrawal for numerous reasons, including that denying the
2  motion prevents any attempt at forum shopping); *Hawaiian Airlines, Inc.*, 355 B.R. 214, 224
3  (D. Hawaii 2006) (recognizing that "[a] party may engage in forum shopping by seeking to
4  benefit from a different judge's understanding and application of the same laws.").

5  Ironically, the Receiver accuses the Debtor of forum shopping by filing for
6  bankruptcy, asserting that "the only result of keeping the Adversary Proceeding in the
7  Bankruptcy Court is to allow the Debtor a 'second bite at the apple' to minimize or
8  eliminate the effect of the Contempt Order should it be upheld on appeal."  Joinder p.3.
9  Not only does this accusation ignore the Debtor's need for the protection of Chapter 11
10 bankruptcy, but it also attempts to deflect attention from the motivations underlying its
11 own motion to withdraw the reference.  One of the reasons that discretionary withdrawal
12 should be granted sparingly is "to prevent [withdrawal] from becoming just another
13 litigation tactic for parties eager to find a way out of bankruptcy court." *Beta Products,*
14 *Inc.* at *2.

15 As discussed above and in the FTC Opposition, the FTC and the Receiver
16 consented to litigation in the Bankruptcy Court, have filed numerous unsuccessful
17 substantive motions and have lost at every stage of the proceeding.  Specifically, on
18 November 2, 2007, the Bankruptcy Court issued a Memorandum Decision, under which
19 the FTC's Enforcement Action in the Florida Court was stayed.  This Memorandum
20 Decision found that Integretel "has demonstrated a very strong likelihood of success on the
21 merits" and that Integretel's bank accounts "are property of Debtor's bankruptcy estate"
22 over which the Bankruptcy court has "exclusive *in rem* jurisdiction."  Memorandum
23 Decision, 2007 WL 3254835 at *23.  Then, on November 26, 2007, the Bankruptcy Court
24 issued a preliminary injunction preventing the Receiver and the FTC from enforcing the
25 Omnibus Order of the Florida Court against Integretel.  Despite the adversary proceeding
26 beginning over six months ago, neither the FTC nor the Receiver moved to withdraw it
27 until after the Bankruptcy Court ruled against them.  *See Hawaiian Airlines, Inc.*, 355 B.R.
28 at 224-25 (denying motion to withdraw to minimize delay and cost).

Civ. Case No. C-08-00341-JW        -4-

1       In contrast, denying the motion to withdraw the Adversary Proceeding will reduce delay and costs. *See Hawaiian Airlines, Inc.*, 355 B.R. at 224-25. Moreover, withdrawal of the Adversary Proceeding would "negatively impact[] bankruptcy administration by needlessly disrupting the bankruptcy court's seamless processing of the case." *Daewoo Motor Am., Inc.*, 302 B.R. 308, 314 (C.D. Cal. 2003). The Adversary Proceeding is important to the resolution of the Debtor's Chapter 11 bankruptcy case, which is being administered in the Bankruptcy Court. Taking the Adversary Proceeding away would constrict the Bankruptcy Court's ability to first determine what is in the bankruptcy estate and to then use that determination in the course of overseeing the reorganization of the Debtor through plan confirmation. Withdrawal of the reference would render the Debtor's reorganization dependent upon the course of litigation in other courts, which should be avoided. Withdrawal will not only endanger the getting the best possible result for *all* of the Debtor's creditors, but it will also result in the duplication of judicial effort and constitute a waste of valuable judicial time.

To prevent such forum shopping and to avoid duplication of judicial time and effort already devoted to resolving the dispute between these parties, the FTC's Motion and the Receiver's Joinder should be denied.

## IV.
## CONCLUSION

WHEREFORE, Integretel requests this Court deny the Joinder and the Motion to withdraw the reference.

Dated: March 17, 2008

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/ STEVEN B. SACKS
STEVEN B. SACKS
Attorneys for Debtor THE BILLING RESOURCE, dba INTEGRETEL