1  WILLIAM BLUMENTHAL
2  General Counsel

3  MICHAEL P. MORA
   Federal Trade Commission
4  600 Pennsylvania Ave. NW, Room NJ-2122
   Washington, DC 20580
5  Telephone: (202) 326-3373
   Facsimile: (202) 326-2558
6  Email: mmora@ftc.gov
7
8  ATTORNEYS FOR FEDERAL
   TRADE COMMISSION
9

10                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
11                         SAN JOSE DIVISION

12

13  In re:                                    Case No. C-08-00341-JW

14  THE BILLING RESOURCE, dba Integretel, a
    California corporation,
15                                            Bk. Case No. 07-52890
                              Debtor
16                                            Chapter 11
    _____
17                                            Adv. No. 07-05156
    THE BILLING RESOURCE, dba INTEGRETEL,
18  a California corporation,
                                              **FEDERAL TRADE**
19                            Plaintiff,       **COMMISSION'S REPLY BRIEF**
                                              **IN SUPPORT OF MOTION FOR**
20                v.                          **WITHDRAWAL OF THE**
                                              **REFERENCE UNDER 28 U.S.C.**
21  FEDERAL TRADE COMMISSION, et al.,         **§ 157(d)**
22                            Defendants.
                                              **Date: April 28, 2008**
23                                            **Time: 9:00 a.m.**
                                              **Courtroom 8**
24

25

26

27

28

## I.   Introduction

Contrary to Integretel's opposition here, significant and unusually complex issues of nonbankruptcy law lie at the heart of this case.  Integretel itself makes this clear in the position it takes before the Eleventh Circuit where it is simultaneously litigating the same issues with the same parties. Therefore, withdrawal of the reference to the bankruptcy court of Count IV of Integretel's Amended Complaint in the underlying adversary proceeding is warranted under 28 U.S.C. § 157(d).

In Count IV of its Amended Complaint, Integretel seeks a determination that three preliminary injunctive orders and two civil contempt proceeding orders entered by the Florida District Court in the FTC's Enforcement Action – and the federal equity receivership proceeding ancillary to that action – do not give the receivership estate any interest in funds or other property that is in the possession of Integretel.  (FTCX 23, ¶¶ 31, 40, 60-62).

The FTC's Enforcement Action involves a massive telephone billing scam in which the defendants – including Integretel – crammed more than $30 million in phony collect call charges onto consumers' phone bills.  In a series of preliminary injunctive orders entered long before Integretel filed for bankruptcy, the Florida District Court appointed an equity receiver ("Receiver") over, *inter alia*, defendants Access One and Network One, in order to marshal and preserve assets for consumer redress.  Integretel billed and collected bogus charges from consumers for Access One and Network One during multiple iterations of the scam.  The Florida District Court ordered all entities holding assets of the receivership defendants in the Enforcement Action, including third-party billing aggregators such as Integretel, to turn over such assets to the Receiver.  (FTCX 2-4, ¶¶ X-XI).  At all relevant times Integretel has held proceeds of the billing scam as reserve funds attributable to the receivership defendants ("Reserve Funds"), but has refused to turn them over to the Receiver, flaunting

1  multiple orders of the Florida District Court and falsely representing to the Commission that it held no

2  such funds.

3      Also long before Integretel's bankruptcy, the Receiver filed a motion in September 2006 for an

4  order to show cause why Integretel should not be held in contempt of the preliminary injunction for

5  failing to turn over the Reserve Funds.  Integretel opposed that motion, filed multiple counter-motions,

6  and appealed the preliminary injunction order to the Eleventh Circuit.  The FTC filed a reply in support

7  of the Receiver's motion and opposed Integretel's motions.  After a hearing on the motions, the Florida

8  District Court entered an order on September 14, 2007 – *before* Integretel filed for bankruptcy:

9  (i) finding that Integretel was holding $1.7 million in Reserve Funds on behalf of the receivership

10 defendants; (ii) holding that the Reserve Funds are property of the receivership estate; and (iii) ordering

11 Integretel to show cause why it should not be held in contempt of the court's injunctive orders for

12 failing to turn these funds over to the Receiver.  In so doing, the Florida District Court heard and

13 rejected all of the arguments Integretel now repeats in connection with Count IV its Amended

14 Complaint, including its argument that the receivership estate has no property interest in any funds or

15 other property held by Integretel.  Integretel appealed the September 14 order to the Eleventh Circuit,

16 which denied Integretel's petition for a stay pending appeal.  This appeal is fully briefed and awaiting

17 resolution.[1]

18     In the words of Integretel in its appeals, "this case raises important questions about the scope of

19 a district court's equity powers in the context of receivership proceedings ancillary to a governmental

20 enforcement action."  FTCX 25 at .pdf p. 2.  The Florida District Court's orders were entered in the

21 FTC's Enforcement Action pursuant to sections 5(a) and 13(b) of the Federal Trade Commission Act,

---

[1]  The bankruptcy court expressly exempted Integretel's appeals to the Eleventh Circuit from its preliminary injunctions.

15 U.S.C. § 45(a), 53(b), federal laws regulating acts and practices affecting interstate commerce. By extension, those orders are also grounded in: (i) the Florida District Court's in rem jurisdiction in ancillary equity receivership proceedings as codified in 28 U.S.C. § 754; (ii) the body of federal case law governing equity receiverships; and (iii) the Florida District Court's exercise of its inherent contempt power.

The Florida District Court, in exercising its jurisdiction and power under these federal nonbankruptcy laws, has definitively ruled that Integretel is holding $1.7 million in Reserve Funds on behalf of the receivership defendants, and that the funds are property of the receivership estate. In Count IV of its Amended Complaint, Integretel seeks a ruling from the bankruptcy court effectively reversing the Florida District Court's orders. While the relevance and effect of Integretel's subsequent bankruptcy filing on the Florida District Court's orders may also be at issue, it is the non-core, nonbankruptcy law issues that predominate in this dispute. This is precisely the type of proceeding for which the withdrawal of reference provision under 28 U.S.C. § 157(d) was enacted. These are questions that must, or should be, decided by an Article III court.

## II.    Discretionary Withdrawal is Warranted "For Cause"

Contrary to Integretel's opposition, this is a non-core proceeding or a proceeding in which non-core issues predominate. Accordingly, because it would be subject to *de novo* review by the District Court, discretionary withdrawal is warranted in the interests of judicial efficiency and to avoid unnecessary costs to the parties. Even if it were not a core proceeding, the existence of overlapping proceedings involving the same facts and issues before the Florida District Court, the Eleventh Circuit, and this Court militate strongly in favor of withdrawal, in the interest of judicial economy and to avoid conflicting court rulings. Moreover, the Commission timely and properly moved for withdrawal of the reference of Count IV of this adversary proceeding, and Integretel's accusation that the Commission is

4

forum shopping is ludicrous.  It is Integretel that brought the underlying cause of action in the bankruptcy court after losing in the Florida District Court, at the same time that it is appealing the Florida District Court's orders to the Eleventh Circuit.

### A.    This is a Non-Core Proceeding

The parties agree on the applicable standard for discretionary withdrawal of the reference "for cause" under § 157(d), including the need to determine whether the issues to be adjudicated are predominantly "core" or "non-core" issues under § 157(b), since it is upon those distinctions that questions of judicial efficiency and uniformity may turn under the discretionary withdrawal standard. *See Security Farms v. Int'l B'hd of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).  But Integretel mischaracterizes this case as one that presents solely one "core" issue, when it clearly is not.  Integretel is not seeking an order that would solely determine whether particular property is part of its bankruptcy estate.  Rather, it is seeking a declaratory judgment from the bankruptcy court concerning the substantive property rights of the Receiver and the Commission – a judgment directly contrary to multiple orders issued by the Florida District Court in the Enforcement Action.  This is plain from the face of Count IV of its Amended Complaint. (FTCX 23).  In ¶ 61, Integretel alleges that "[t]he Receiver and the FTC claim that the Receiver has a property or other interest in funds held by the Debtor based on the Florida Preliminary Injunction and/or the Payment Orders that is enforceable in this bankruptcy case."  In ¶ 62, Integretel alleges that "[t]his Court should determine that the Debtor's funds and other property are free of any property interest therein claimed by the Receiver and/or the FTC."  Integretel's creative phrasing of its request for relief in ¶ 62 simply begs the question, rather than properly framing it:  the FTC and the Receiver are *not* seeking to obtain control of the "Debtor's funds" – rather they are seeking to obtain control of the Reserve Funds that have been definitively determined to be  the property of the receivership estate.

The two cases Integretel cites in support of its contention that this case involves solely one "core" issue are factually distinguishable, and actually support the Commission's position analytically. The first case it cites, *In re Goodman,* 991 F.2d 613 (9th Cir. 1993), involved a proceeding brought by a debtor against a landlord for violating the automatic stay by pursuing an unlawful detainer action against the debtor in state court. Among the defenses raised by the landlord was that the debtor's rights under the sublease were not property of the debtor's bankruptcy estate. *Id.* at 615. The facts in *Goodman* bear no resemblance whatsoever to the facts here. The court canvassed all of the issues raised by the proceeding and concluded that it was core primarily based on the issues involving the automatic stay under 11 U.S.C. § 362. *Id.* at 617. In doing so, the court cited *In re Cinematronics*, 916 F.2d 1444 (9th Cir. 1990), for the proposition that if a claim is not listed explicitly in § 157(b)(2) as a "core" proceeding – such as Integretel's claim at issue here, the court should consider factors such as "whether the rights involved exist independent of title 11, depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." *Id.* at 1450 n. 5.

Applying those factors here buttresses the conclusion that this proceeding is not a core proceeding. The rights that Integretel claims are contract rights and exist independently of title 11. *(See* FTCX 23, Amended Complaint ¶¶ 18-29, 35-40, 60 (alleging contract rights as between the Debtor and receivership defendants Access One and Network One, including as to the disputed Reserve Funds)). The rights that the FTC and the Receiver claim and are at issue here also emanate from nonbankruptcy law: the FTC Act, federal equity receivership and contempt law, and the Florida District Court's preliminary injunctive and contempt proceeding orders in the FTC Enforcement Action. All of these rights existed prior to Integretel's bankruptcy filing, as evidenced by the fact that the same parties fully litigated before the Florida District Court the same issues raised in this

6

proceeding, before Integretel filed for bankruptcy.  Integretel lost.  Integretel's bankruptcy filing changed nothing in this regard.  In fact, Integretel has continued to prosecute its appeals of the Florida District Court's orders to the Eleventh Circuit, notwithstanding its bankruptcy proceeding.  Thus, under the applicable legal standard set forth in *Goodman* and *Cinematronics*, this is not a core proceeding.

The other case cited by Integretel, *In re Kincaid*, 917 F.2d 1162 (9th Cir. 1990), is likewise distinguishable and of no help to Integretel.  The proceeding at issue there was brought by the bankruptcy trustee in an individual debtor's case against the administrator of a retirement plan.  The trustee sought the turnover of certain funds in the plan, alleging that the funds were property of the bankruptcy estate.  On the jurisdictional issue of whether the proceeding was a core proceeding, the court made a careful distinction between the proceeding before it – which it found was a core proceeding to obtain *property of* the estate – with proceedings by a debtor to obtain *property owed to* the debtor, but belonging to a third party, which are non-core.  *Id.* at 1165.  In this proceeding Integretel does not seek to obtain a turnover from the Receiver or the FTC of alleged property of its bankruptcy estate.  To the contrary, it seeks a declaratory judgment reversing the Florida District Court's order that Integretel is holding property of the receivership estate in the Enforcement Action, which is not a core proceeding.

Since the issues raised by Integretel's claim in Count IV of its Amended Complaint involve non-core issues (or at the very least create a proceeding in which non-core issues predominate), any determinations by the bankruptcy court are subject to *de novo* review by this Court.  Therefore, withdrawing the reference will enhance judicial efficiency, avoid unnecessary costs for all parties, and preserve bankruptcy estate assets by requiring a single proceeding before this Court.  *See Security Farms*, 124 F.3d at 1008-1009.

7

**B.    Discretionary Withdrawal is Warranted Even If this is a Non-Core Proceeding**

Even if, *arguendo*, the claims raised by Integretel in Count IV of its Amended Complaint created a core proceeding, discretionary withdrawal would be appropriate.  As the First Circuit held in *Congress Credit Corp. v. AJC Int'l Inc.*, 42 F.3d 686 (1st Cir. 1994), where (as here) the facts and issues raised in a bankruptcy court proceeding overlap with facts and issues already being litigated in a district court, proceedings should be consolidated before the district court and the reference to the bankruptcy court withdrawn in order to promote judicial economy and avoid conflicting rulings.  42 F.3d at 690-91.  *See also Big Rivers Elec. Corp. V. Green River Coal Co.,* Inc., 182 B.R. 751 (W.D. Ky. 1995) (same); *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992) (considerations of judicial economy adequate to meet "cause shown" requirement); *Enviro-Scope Corp. v. Westinghouse Elec. Corp. (In re Enviro-Scope Corp.)*, 57 B.R. 1005, 1008-09 (E.D. Pa. 1985) (same).  Here, the facts and issues overlap with proceedings that have already been litigated before the Florida District Court and are on appeal by Integretel before the Eleventh Circuit, where the matter has been fully briefed by the parties.  Likewise, there is overlap between the facts and issues raised in this proceeding and the Commission's and the Receiver's appeals pending before this District Court of the bankruptcy court's preliminary injunctive order as to the contempt proceeding.  Therefore, even if the claims raised by Count IV of Integretel's Amended Complaint would constitute a core proceeding, judicial economy would best be served, and inconsistent rulings avoided, by withdrawing the reference of Count IV of the Amended Complaint.  As the Commission noted in its opening brief, if the Court grants this Motion, the Commission intends to move to transfer venue of this matter to the Florida District Court.

### C. The Commission Timely and Properly Moved for Withdrawal of the Reference of Count IV of the Adversary Proceeding

Integretel contends that discretionary withdrawal is not warranted because it would increase rather than decrease the parties' costs and waste rather than conserve judicial resources. To support this assertion, Integretel suggests that: its fourth claim for relief in its Amended Complaint, which it did not file until December 27, 2007, was "integrated" with its original Complaint filed in September 2007; the Commission "moves for withdrawal of the reference six months after this adversary proceeding began"; and, that the bankruptcy court has already decided the issues raised in its new cause of action. Integretel Opposition at 11. These assertions are simply untrue.

Integretel filed its original Complaint in September 2007. As soon as Integretel filed its Amended Complaint on December 27, 2007, adding the new cause of action in Count IV at issue here, the Commission promptly moved to withdraw the reference of the new cause of action just over two weeks later, on January 11, 2008. Section 157(d) expressly provides that a party may seek discretionary withdrawal of the reference of a proceeding "*in whole or in part . . . on timely motion . . . for cause shown.*" (Emphasis added). The Commission has met those requirements here.

Moreover, the issue of whether the Florida District Court's orders established a property interest in favor of the receivership estate in the Enforcement Action was not raised anywhere in Integretel's original Complaint. This is evidenced by the fact that Integretel had to move to amend its Complaint to bring this issue before the bankruptcy court. In Counts I and II, which Integretel has never prosecuted or has since abandoned, Integretel sought declaratory relief under the automatic stay provision, 11 U.S.C. § 362, to the effect that the ancillary contempt proceeding in the Enforcement Action and the Enforcement Action itself are subject to the automatic stay. In Count III, Integretel sought a preliminary injunction from the bankruptcy court under § 105 as to the FTC's prosecution of

1  the Enforcement Action, and as to the Receiver's and the FTC's prosecution of the contempt

2  proceeding before the Florida District Court. The bankruptcy court ultimately issued preliminary

3  injunctions and those orders are on appeal to this Court. In the § 105 proceedings, the only issues

4  actually litigated and necessary to the bankruptcy court's decision were: (i) whether the bankruptcy

5  court had the discretion to enjoin the proceedings under § 105; and (ii) if so, whether Integretel met the

6  applicable standard for injunctive relief: a likelihood of success in reorganizing, irreparable harm, and

7  a whether a balancing of the harms and the public interest weighed in favor of issuing the injunctions.

8

9       Integretel also suggests that the Commission, by its motion to withdraw the reference, is

10 engaging in forum shopping. This is clearly not the case. The Commission filed its motion to

11 withdraw the reference just a few days after filing its Answer to the Amended Complaint. The

12 bankruptcy court has ruled on a motion to dismiss filed by the Receiver, but there has essentially been

13 no other activity in the adversary proceeding as to Count IV of the Amended Complaint apart from the

14 filing of case management conference statements by the parties. To date, no case management or

15 scheduling order has even been entered by the bankruptcy court. The bankruptcy court has not ruled on

16 the merits of any of the issues raised in this case.

17

18       Rather, it is Integretel that has obviously engaged in forum shopping. Upon fully litigating and

19 then losing the contempt proceeding before the Florida District Court, Integretel sought haven from the

20 consequences of its wrongdoing in the bankruptcy court. Simultaneously, Integretel appealed the

21 Florida District Court's orders to the Eleventh Circuit and moved for a stay pending appeal. Upon the

22 Eleventh Circuit's denial of that stay motion, Integretel sought a temporary restraining order from the

23 bankruptcy court. It was not until after the bankruptcy court later entered a preliminary injunction

24 against the Receiver and the Commission as to the prosecution of the contempt proceeding before the

25 Florida District Court that Integretel sought to amend its Complaint in the adversary proceeding to add

the new cause of action at issue here. Through its various orchestrations, Integretel is the one doing the forum shopping here by attempting to relitigate before the bankruptcy court a dispute that it lost before the Florida District Court, and that is also on pending on appeal, by Integretel, before the Eleventh Circuit.

### III.    The Court Must Withdraw the Reference

Integretel also opposes the Commission's request for mandatory withdrawal of the reference of this proceeding under 28 U.S.C. § 157(d). But its argument is conclusory in nature. Integretel recites at length the same case law referenced by the Commission regarding the applicable legal standard, on which the parties agree, but it does not rebut the Commission's argument as to how and why withdrawal is mandated here based on the substantial and material non-bankruptcy law issues raised by this case.

Withdrawal is mandatory under § 157(d) "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Courts in this Circuit, including this Court, have held that a district court <u>must</u> withdraw the reference under § 157(d) when a proceeding cannot be resolved without "substantial and material" consideration of federal non-bankruptcy law. *In re 3dfx Interactive* Inc., 2005 WL 1074407, * 3 (N.D. Cal. May 6, 2005), citing *In re Vicars Ins. Agency, Inc.*, 196 F.3d 949, 952 (7th Cir. 1996). Integretel baldly attempts to compare the substantial and material nonbankruptcy law issues here with the "standard patent infringement analysis" at issue in *3dfx Interactive,* in which this Court found that withdrawal was not mandatory. Integretel also makes a conclusory attempt to compare the non-bankruptcy law issues in this case with *Vicars,* where the court held that the lack of controlling precedent on a civil RICO issue in the circuit where the case was pending did not mandate withdrawal. The nature of the non-bankruptcy law issues in those cases is

11

distinguishable from those at issue here. This case does not merely involve the straightforward

application of well-settled precedent or the absence of controlling precedent in this Circuit on a discrete

non-bankruptcy law issue. At pp. 14-17 of its opening brief, the Commission has shown in detail that

resolving Count IV of the Amended Complaint will require substantial and material consideration of

non-bankruptcy law issues relating to the scope and effect of a federal district court's jurisdiction and

exercise of its powers in an equity receivership proceeding, in the context of a law enforcement action

under the FTC Act, over property of the receivership estate held by an entity that subsequently files for

bankruptcy, as occurred here. This is not a garden variety case involving a straightforward application

of non-bankruptcy law. Integretel itself has taken the same position in its appeals of the Florida

District Court's orders before the Eleventh Circuit. Accordingly, pursuant to 28 U.S.C. § 157(d), the

Court must withdraw the reference.


                                    Respectfully submitted,

                                    WILLIAM BLUMENTHAL
                                    General Counsel


    Dated: March 21, 2008            /s/ Michael P. Mora
                                    MICHAEL P. MORA
                                    Attorney - Division of Enforcement
                                    Bureau of Consumer Protection
                                    Federal Trade Commission
                                    600 Pennsylvania Ave. NW, Room NJ-2122
                                    Washington, DC 20580
                                    Telephone: (202) 326-3373
                                    Facsimile: (202) 326-2558
                                    Email: mmora@ftc.gov

                                    ATTORNEYS FOR FEDERAL TRADE COMMISSION

1
2

WILLIAM BLUMENTHAL
General Counsel

3
4
5
6
7

MICHAEL P. MORA
Federal Trade Commission
600 Pennsylvania Ave. NW, Room NJ-2122
Washington, DC  20580
Telephone:  (202) 326-3373
Facsimile:   (202) 326-2558
Email: mmora@ftc.gov

8
9

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

10
11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

12
13
14
15
16

17
18

19

20

21
22

23

24
25

26

27

28

In re:

THE BILLING RESOURCE, dba Integretel, a
California corporation,

                    Debtor

_____

THE BILLING RESOURCE, dba INTEGRETEL,
a California corporation,

                    Plaintiff,

                    v.

FEDERAL TRADE COMMISSION, et al.,

                    Defendants.

Case No. C-08-00341-JW

Bk. Case No. 07-52890

Chapter 11

Adv. No. 07-05156

**CERTIFICATE OF SERVICE**

**FEDERAL TRADE
COMMISSION'S REPLY BRIEF
IN SUPPORT OF MOTION FOR
WITHDRAWAL OF THE
REFERENCE UNDER 28 U.S.C.
§ 157(d)**

**Date:  April 28, 2008**
**Time: 9:00 a.m.**
**Courtroom 8**

I hereby certify that on March 21, 2008, I served a copy of the Notice of FTC's Reply Brief in Support of Motion for Withdrawal of the Reference by the means indicated below:

Through the Court's ECF System and by email:

        Michael H. Ahrens, Esquire
        Jeffrey K. Rehfeld , Esquire
        Steven B. Sacks, Esquire
        Sheppard, Mullin, Richter and Hampton
        4 Embarcadero Center, 17th Floor
        San Francisco, California  94111
        COUNSEL FOR INTEGRETEL


        Howard Kollitz, Esquire
        Walter K. Oetzell, Esquire
        Steven J. Schwartz, Esquire
        Danning, Gill, Diamond & Kollitz, LLP
        2029 Century Park East, Third Floor
        Los Angeles, California  90067-2904
        COUNSEL FOR RECEIVER, DAVID R. CHASE


                     _/s/ Michael P. Mora_____
                     Michael P. Mora

2